EXXONMOBIL GAS & POWER MAR-
KETING COMPANY, A Division of
Exxon Mobil Corporation, and Hess
Corporation, Petitioners

v.

FEDERAL ENERGY REGULATORY
COMMISSION, Respondent.

No. 10–1098.

United States Court of Appeals,
District of Columbia Circuit.

Oct. 21, 2011.

Douglas W. Rasch, Esquire, Exxon Cor-
poration Corp, Houston, TX, Kevin M.
Sweeney, John & Hengerer, Washington,
DC, for Petitioners.

Carol Jayne Banta, Kathrine L. Henry,
Robert Harris Solomon, Esquire, Solicitor,
Federal Energy Regulatory Commission
(FERC) Office of the Solicitor, Washing-
ton, DC, for Respondent.

Before: SENTELLE, Chief Judge, and
ROGERS and BROWN, Circuit Judges.

*JUDGMENT*

PER CURIAM.

Upon consideration of the record from
the Federal Energy Regulatory Commis-
sion and the briefs of the parties, it is

**ORDERED AND ADJUDGED** that the
petition is dismissed.

After its facilities were damaged by
Hurricane Ike, Sea Robin Pipeline Com-
pany sought to amend its natural gas
transportation rates by implementing a
"Hurricane Surcharge" through a limited
filing under Natural Gas Act (NGA) Sec-
tion 4, 15 U.S.C. § 717c(d), with FERC.
Petitioners ExxonMobil Gas & Power
Marketing Company and Hess Corpora-
tion (collectively, "Shippers") protested
the surcharge. FERC accepted Sea Rob-
in's amended tariff sheets and scheduled a
hearing to consider some aspects of the
surcharge, including the Shippers' argu-
ments the Commission had not already
rejected. Shippers requested rehearing of
FERC's order, which FERC denied.
Shippers now petition this Court for re-
view of FERC's initial Tariff Order (*Sea
Robin Pipeline Co., LLC,* 128 F.E.R.C.
¶ 61286 (2009)) and the Rehearing Order
(*Sea Robin Pipeline Co., LLC,* 130
F.E.R.C. ¶ 61191 (2010)).

## I

The Commission accepted Sea Robin's proposed Hurricane Surcharge, and in the same order, rejected Shippers' arguments that the Hurricane–Ike portion of the surcharge violated the Filed Rate Doctrine and the Rule Against Retroactive Ratemaking, reasoning that the repairs Sea Robin would make would allow Sea Robin to provide current and future services to its customers, and, moreover, the surcharge would not be applied to services provided prior to the surcharge's effective date. *Sea Robin Pipeline Co., LLC,* 128 F.E.R.C. ¶ 61286 (2009). The Commission also identified issues that warrant further investigation, and ordered an administrative hearing.

## II

Because FERC's decision-making process is ongoing, the challenged orders do not constitute final agency action. A petition for review of an agency action is ripe only if the action is final. *Abbott Labs. v. Gardner,* 387 U.S. 136, 148–49, 87 S.Ct. 1507, 18 L.Ed.2d 681 (1967); *Fourth Branch Assocs. v. FERC,* 253 F.3d 741, 746 (D.C.Cir.2001). A final action meets two criteria: (1) it marks "the consummation of the agency's decision-making process," i.e. it is not "merely tentative or interlocutory," and (2) it determines rights or obligations, or "legal consequences" flow from it. *Bennett v. Spear,* 520 U.S. 154, 177–78, 117 S.Ct. 1154, 137 L.Ed.2d 281 (1997) (citations omitted). In a rate change case, "[a]cceptance of a filing, coupled with scheduling of a hearing, is the initiation of an administrative proceeding; judicial review properly follows the conclusion of the proceeding." *Papago Tribal Utility Authority v. FERC,* 628 F.2d 235, 240 (D.C.Cir.1980). A final determination by the Commission is the "quintessential reviewable order," while the decision to accept a rate filing is "undeniably interlocutory" because it "merely reserves the issues pending a hearing." *Id.* at 239–40.

No legitimate reason exists for immediate review. Postponement of judicial review will not cause irreparable injury to the Shippers because their Hurricane Surcharge payments are fully refundable if they prevail on any of their claims. *See id.* at 240–41. Although Shippers' challenge includes some purely legal arguments—in particular, whether the initial Hurricane Ike portion of the surcharge would violate the Rule Against Retroactive Ratemaking, it would be "inappropriate for [us] to spend scarce resources on claims that, though predominantly legal in character, depend on future events that may never come to pass, or that may not occur in the form forecasted." *Flint Hills Res. Alaska v. FERC,* 627 F.3d 881, 889 (D.C.Cir.2010). In the absence of final agency action and for the sake of judicial economy, we dismiss the pending petition.

Pursuant to Rule 36 of this Court, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after the disposition of any timely petition for rehearing or petition for rehearing *en banc. See* Fed R.App. P. 41(b); D.C.Cir. R. 41.